Lon O. OWSLEY, Appellee,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellant.

No. 10688.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 5, 1966.

Decided Nov. 15, 1966.

Reno S. Harp, III, Asst. Atty. Gen., of Virginia, (Robert Y. Button, Atty. Gen., of Virginia, on the brief) for appellant.

Eddie Cantor, Richmond, Va. (Court-assigned counsel) [Cantor & Cantor, Richmond, Va., on the brief] for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and WINTER, Circuit Judges.

PER CURIAM:

After our decision [1] on Lon O. Owsley's appeal from the refusal of habeas corpus to him, he was accorded a full hearing by the District Court and awarded the writ, entitling him to release from State custody unless seasonably retried. His custodian, the Superintendent of the Virginia penitentiary, appeals. We affirm.

At the hearing on remand the testimony revealed reasonable ground for questioning Owsley's mental competency at the time of his 1957 felony trials in Virginia. Under the State statute [2] this proof entitled him to a preliminary inquiry—at a State hospital or by a commission—upon his mental capability to understand the nature of the charge against him and to assist in his defense. The District Court concluded that the State criminal court should have granted the pre-trial motion of Owsley's court-appointed lawyer for such an inquiry, and that his subsequent convictions and imprisonment were void for this omission in due process.

■ The State is quite right that no evidential showing was made to the criminal court of any doubt as to Owsley's mental condition. However, it appears that his attorney must have been aware that proof of the uncertainty was at hand. The lawyer's failure to adduce it in court, we think, rendered his representation of Owsley ineffective to the point of depriving him of his Constitutional right to counsel.

 The Attorney General of Virginia argues that Owsley has not exhausted his State remedies, in that the effect of the failure to offer evidence on his motion for a pretrial inquiry was never submitted to the State court, citing 28 U.S.C. § 2254. Owsley has once carried his cause on habeas corpus through the State courts without success. To require him to retrace these steps seems unreasonable and an abuse of the discretion reposing in the Federal court under the statute. Thomas v. Cunningham, 4 Cir., 335 F.2d 67, 69–70 (1964).

Affirmed.

---

1. Owsley v. Peyton, 4 Cir., 352 F.2d 804 (1965).

2. Virginia Code of 1950, section 19.1–228; Thomas v. Cunningham, 4 Cir., 313 F.2d 934 (1963).