Sidney James McCORMICK, Petitioner,

v.

C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 67-C-25-L.

United States District Court
W. D. Virginia,
Lynchburg Division.

Sept. 27, 1967.

Reno S. Harp, III, Asst. Atty. Gen., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Sidney James McCormick, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis*. The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on August 7, 1967.

Petitioner is currently serving a sentence of forty-five years for first-degree murder pursuant to a judgment of the Corporation Court of the City of Lynchburg, Virginia, on May 15, 1958. Petitioner was also convicted and sentenced by the court to ten years each for burglary, robbery and two counts of malicious wounding. The sentences were ordered to run consecutively.

Petitioner did not appeal his convictions. He filed a petition for a writ of habeas corpus in the Corporation Court for the City of Lynchburg, Virginia. After a plenary hearing before that court, petitioner's petition was denied on May 16, 1966. Petitioner applied to the Supreme Court of Appeals of Virginia for a writ of error to the judgment, which was denied on June 14, 1967. Petitioner is, therefore, properly before this court, having exhausted his presently available state remedies in compliance with 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

The facts are as follows:

On January 22, 1958, petitioner was arrested in Parkersburg, West Virginia, and returned to Lynchburg, Virginia, to stand trial for the aforesaid offenses. Petitioner was placed in the City Jail of Lynchburg, Virginia, on January 23, 1958, and remained there until February 3, 1958, at which time petitioner was indicted and taken before the court. The court on that date appointed two attorneys to represent petitioner at trial. Petitioner was subsequently sent to the Southwestern State Hospital at Marion, Virginia, for a mental examination and was pronounced mentally competent. On May 14th and 15th, 1958, petitioner was tried by a jury in the Corporation Court of the City of Lynchburg, Virginia, and was found guilty on all five charges. Petitioner pleaded not guilty to all five charges and was represented by the two court-appointed attorneys.

Petitioner claims that he is entitled to a writ of habeas corpus on the following grounds:

1. Petitioner contends that he was denied a preliminary hearing before trial.

2. Petitioner contends that he was denied the right to produce material evidence on his behalf.

3. Petitioner contends that he was denied the right to appeal.

4. Petitioner contends that he was inadequately represented by counsel.

 First of all, petitioner claims that he was denied a preliminary hearing. He was placed in jail on January 23, 1958, and first taken before the court on February 3, 1958, at which time he was indicted. At no time was petitioner given a preliminary hearing. We, however, find that petitioner is not entitled to relief on these grounds. The arrest and detention all occurred in 1958 and at that time the petitioner did not have a constitutional or statutory right in Virginia to have a preliminary hearing. Benson v. Commonwealth, 190 Va. 744, 58 S.E.2d 312 (1950). There the court said: "We hold that, under these circumstances, the defendant had no right, either statutory or constitutional, to be afforded a preliminary hearing prior to the finding of the indictment or to his trial thereon." 58 S.E.2d at 314. The defendant had been arrested on a warrant which the Commonwealth's attorney had dismissed to expedite the proceedings when the defendant demanded a preliminary hearing. At present an accused has a statutory right in Virginia to a preliminary hearing before his indictment [1] but he still does not have a constitutional right to a preliminary hearing. Dillard v. Bomar, 342 F.2d 789 (6th Cir. 1965) (and the long list of cases cited therein supporting that proposition.) Thus, the failure of petitioner to have a preliminary hearing does not entitle him to the relief sought.

 Petitioner's second contention is that he was denied the right to submit material evidence in his behalf. The evidence shows that there actually were certain photographs and letters which could have been submitted as evidence at petitioner's trial. Petitioner, however, inconsistently claims on the one hand that his attorneys refused to obtain the evidence and on the other hand that they thought it shouldn't be used. Petitioner testified at the state habeas corpus hearing, after claiming in his petition that they refused to obtain the evidence, that "he (one of his attorneys) said he thought it was better not to use it (the photographs and letters)." His attorneys' testimony at the same hearing, however, shows that petitioner was not denied the right to submit the evidence in question. Petitioner had two attorneys representing him at his trial and both of them testified that they searched diligently to locate the letters and photographs knowing they would very likely help petitioner but could not find them. They ascertained that both petitioner's sister and a newspaper photographer who had gone to the scene of the crime to get the facts of the case had seen the evidence, but they both testified that no one including the police was able to tell them where to find the letters and photographs and that they were otherwise unable to locate them. It appears to the court that at no time was petitioner denied the right to submit evidence on his behalf. It rather appears that the petitioner's attorneys diligently attempted to find the evidence but without success. Since the evidence, if found, would probably have been to petitioner's benefit, his attorneys would not likely have sought to keep it out. Thus, we find no merit in this contention.

 Petitioner's third contention is that he was denied the right to appeal. He testified that after the sentence was pronounced he talked to his attorneys about appealing the case and that he asked them to appeal it. He said that they told him not to appeal because he would be eligible for parole in only twelve years and that after the alleged post-trial dis-

1. Code Virginia § 19.1–163.1 (repl. 1960), former section 19–137.1, effective March 30, 1960.

cussion nothing else was said about an appeal. The court finds, however, that the evidence establishes only that for the reasons below stated no appeal was taken rather than that petitioner was denied the right to appeal. Both of his attorneys testified at the state habeas corpus hearing that there was no mention of an appeal after trial. They said that the only time they discussed an appeal was before trial. They knew the severity of the charges against petitioner and decided to have a transcript of the testimony at his trial made so that in the event petitioner was sentenced to death they would have the transcript to use on appeal. They planned to appeal only if petitioner was sentenced to death and when he was not given a death penalty, they had no reason to bring up the subject of an appeal after trial. In fact they knew an appeal could jeopardize petitioner's position in case a new trial was ordered and they had already discussed that before his trial. Furthermore, petitioner's own conduct shows that there was no discussion of an appeal after trial. After petitioner was imprisoned, he wrote a number of letters, two of which were written within the sixty-day period in which petitioner had to appeal. There is no evidence in any of these letters that petitioner made a request for an appeal. He in fact admitted that he did not mention an appeal in the first letter. Had petitioner had an appeal in mind or had he discussed an appeal with his attorneys, he in all likelihood would have mentioned the appeal in some of his letters. Petitioner did write a couple of letters to the court asking for a transcript of the trial proceedings, the first of which was on June 29, 1959, but they were written in regard to habeas corpus relief and in no way affect the question of the denial of petitioner's right to appeal. The evidence indicates that the only discussion of any appeal was before trial, not after and that no appeal was taken because in his attorneys' judgment it was inadvisable to do so under the circumstances. It does not show that petitioner was denied

the right to appeal and therefore the court must reject this contention.

■■■■■ Petitioner's fourth claim is that he was inadequately represented by counsel. He bases this claim on the failure of his attorneys to appeal, to obtain the requested evidence and to object to the alleged denial of a preliminary hearing. Petitioner also contends that his attorneys did not have sufficient time to prepare an adequate defense in that they were not appointed until the day of his indictment. There is clearly no merit to the latter contention because counsel had more than adequate time to prepare, the period intervening between petitioner's indictment and trial being nearly three and one-half months. The fact that the petitioner did not have counsel for the ten days between his arrest and indictment does not show that petitioner was inadequately represented. Nor is there any merit in petitioner's claim that he was inadequately represented because his attorney did not object to the failure of the court to give him a preliminary hearing since at the time petitioner had no right to have a preliminary hearing.

■■■ Petitioner also alleged that he was ineffectively represented because his attorneys did not obtain the evidence as requested. As above stated petitioner's attorneys made a diligent search to find the photographs and letters but were unable to locate them. They did as petitioner asked but to no avail. Habeas corpus relief cannot be based on the good faith unsuccessful attempt of petitioner's attorneys to locate the evidence in question.

■■■ Petitioner last of all says that he lacked effective assistance of counsel because his attorneys did not appeal his conviction. He is not claiming that he was not apprised of his right to appeal. He simply contends that he was inadequately represented because they did not appeal his case. The evidence shows first of all that petitioner never requested an appeal and second of all that no appeal was taken because his attorneys felt in their

judgment that it would not be advisable to do so considering that petitioner had been convicted of murder, burglary, robbery and two counts of malicious wounding and that the grant of a new trial on appeal might jeopardize petitioner's position. The attorneys' decision not to appeal was made in the exercise of sound judgment and in the absence of any request for an appeal and petitioner was not inadequately represented thereby. If any mistake was made by counsel in not appealing, it was a mistake in judgment which does not deprive petitioner of any constitutional right. Tompa v. Commonwealth of Virginia, 331 F.2d 552 (4th Cir. 1964) or make a farce of the trial, United States ex rel. Robinson v. Pate, 312 F.2d 161 (7th Cir. 1963), and, therefore, no habeas corpus relief will lie.

Therefore, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.