UNITED STATES of America,
Appellee,

v.

Paul Richard THROWER, Appellant.

No. 11960.

United States Court of Appeals
Fourth Circuit.

Argued April 1, 1968.

Decided April 29, 1968.

Peter L. Roda, Asheville, N. C., (Court-appointed counsel) for appellant.

Wm. Medford, U. S. Atty., (William M. Styles, Asst. U. S. Atty., on the brief) for appellee.

Before SOBELOFF, BRYAN and CRAVEN, Circuit Judges.

PER CURIAM:

Denials by the District Court of two motions for continuance of defendant's trial are the only grounds asserted for reversing his conviction of bank robbery. 18 U.S.C. § 2113(d).

■ The first continuance was sought on the day of arraignment by an attorney who had been contacted by defendant's mother and who represented to the court that if the mother could arrange for his fee, he would need some time to familiarize himself with the case. Noting that other counsel had been appointed for defendant three months earlier and that the eleventh-hour plea for delay was highly contingent,[1] the court denied the motion.

■ On the day of trial, a week after the arraignment, court-appointed counsel made the second motion for a continuance. He alleged that he needed more time to secure the services of a psychiatrist, despite the fact that he had been preparing his case from August to November, 1967. This motion was also denied, and the case was tried before a jury which found the defendant guilty.

Neither when the continuances were requested nor at trial, was any evidence of mental illness presented that might possibly meet even the minimal standard

---

1. The contingent event never materialized as defendant's mother was unable to secure the necessary funds and consequent-ly the lawyer failed to take any further steps on behalf of the defendant.

necessary to put into question the defendant's mental condition at the time of the commission of the crime. See Hall v. United States, 295 F.2d 26 (4th Cir. 1961).

Finding no abuse of discretion in the District Court's denial of either motion for continuance, we affirm the conviction. See United States v. Hutchison, 352 F.2d 404 (4th Cir. 1965).

Affirmed.