George **BIRD**, Petitioner,

v.

C. C. **PEYTON**, Superintendent Virginia State Penitentiary, Respondent.

Civ. A. No. 68–C–45–R.

United States District Court
W. D. Virginia,
Roanoke Division.

June 21, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before this court upon a petition for a writ of habeas corpus filed *in forma pauperis* by George Bird, a state prisoner of Virginia, pursuant to the provisions of 28 U.S.C.A. § 2241.

Petitioner is currently serving a twenty (20) year sentence in the Virginia State Penitentiary following his conviction on January 19, 1967, in the Circuit Court of Giles County, Virginia, for statutory rape. After his conviction, petitioner filed a timely petition for a writ of error and supersedeas with the Virginia Supreme Court of Appeals, but said honorable court rejected the petition, refusing the writ of error and supersedeas.

Petitioner in his petition for a writ of error and supersedeas cited as grounds for error *inter alia*:

1. "That the Court erred in refusing the giving of Instruction 'E' as offered by the Defendant."

2. "That the County Court of Giles County erred in refusing to provide a discreet and competent shorthand reporter at a preliminary hearing of the Defendant as set forth and requested in a written petition filed on behalf of the Defendant in said County Court on June 25, 1965."

These two allegations have been renewed by petitioner in his petition to this court for a writ of habeas corpus. Since the highest state court in Virginia has already decided these two questions on the merits against the petitioner, he has exhausted his state remedies in compliance with 28 U.S.C.A. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and is properly before this court. Also, see Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

The transcript of petitioner's trial in the Circuit Court of Giles County, Virginia, discloses the following facts:

On May 9, 1965, petitioner was arrested for the alleged rape of Elizabeth Ann Agee, a female child, six years of age, the alleged rape having occurred the previous evening. Subsequently, on June 25, 1965, the petitioner by court appointed counsel petitioned the Circuit Court of Giles County to provide a reporter at the expense of the State of Virginia to record the proceedings at

the preliminary hearing. This request was denied. Petitioner pleaded not guilty at his trial held on October 12, 1966, in the Circuit Court of Giles County.

During the argument of the instructions, petitioner by counsel offered the instruction designated as "E" which read as follows:

The Court further instructs the jury that if it appears from the evidence in this case that there may be material witnesses possessing evidence material to this case and if the failure to produce such evidence remains unexplained, then such unexplained failure to produce such evidence may authorize the jury to presume that the evidence would have been adverse to the parties thus failing to produce it. Such presumption may be rebutted by the parties explaining to the jury its failure to produce such evidence and by showing that such party has been unsuccessful in procuring such evidence despite diligent efforts made in good faith to produce the same.

The court gave the instruction, but deleted the last sentence over the objection of petitioner's counsel. The amended instruction "E" was given because the prosecution had submitted certain material, including hairs and blood samples, to the laboratory of the Federal Bureau of Investigation but had not introduced any evidence as to the contents of the said laboratory's report.

■■■ Petitioner has sought a writ of habeas corpus apparently under 28 U.S.C.A. § 2241(c) (3) on the grounds that "He is in custody in violation of the Constitution or laws or treaties of the United States." The writ of habeas corpus is not designed to subject the judicial acts of the highest court in a state to review by the lowest federal court where no constitutional issue is involved. United States ex rel. Smith v. Baldi, 96 F.Supp. 100 (E.D.Pa.1951). The highest court in Virginia has already considered both allegations set forth in this petition for habeas corpus and has found

that no constitutional rights of the petitioner were abridged. The court cannot review the decision of the Virginia Supreme Court of Appeals on a matter of common law unless there is a federal question involved since "the writ [of habeas corpus] is not designed for collateral review of errors of law committed by the trial court * * *." Sunal v. Large, 332 U.S. 174, 179, 67 S.Ct. 1588, 1591, 91 L.Ed. 1982 (1947). No such federal question has been discovered in petitioner's alleged grounds for error. The court finds no indication of fundamental unfairness as would be a violation of petitioner's rights under "the Constitution or laws or treaties of the United States."

A court's instructions to the jury usually raise only questions of state law. Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960). The court finds this general proposition to apply to instruction "E".

The court not only fails to find any error in the Circuit Court's deletion of the last sentence in instruction "E" which violates any rights of petitioner under the Constitution or laws or treaties of the United States, but also concurs with the Virginia Supreme Court of Appeals in its holding that there was no error whatsoever involved in deleting the last sentence.

■■■ The appointment of a reporter for petitioner in the preliminary hearing may well have aided the petitioner in his defense but this court is not aware of any requirement for such reporting, and its failure certainly does not violate any constitutional rights of petitioner. The preliminary hearing and proceedings attendant thereto are of a procedural nature in Virginia. Snyder v. Commonwealth, 202 Va. 1009, 121 S.E.2d 452 (1961). The right to a preliminary hearing is given only by statute. 1950 Va. Code Ann. § 19.1–163.1. There is no guarantee provided for a preliminary hearing in either the Virginia or the United States Constitutions. Mc-Cormick v. Peyton, 274 F.Supp. 797

(W.D.Va.1967); Collins v. Beto, 245 F. Supp. 639 (S.D.Texas 1965); Snyder v. Commonwealth, supra. The procedure in a state court in its preliminary hearing is a matter for state direction so long as the proceedings do not amount to such a gross unfairness as to violate the defendant's right to due process as guaranteed by the Fourteenth Amendment. Cf. Washington v. Clemmer, 119 U.S.App.D.C. 216, 339 F.2d 715 (1964).

The court thus finds that the denial of the court reporter did not violate any rights of the petitioner as guaranteed by "the Constitution or laws or treaties of the United States."

For the reasons stated in this opinion and upon mature consideration of the facts relied upon by petitioner in the case at bar, the court feels that the allegations are without merit. Nothing would be gained by a further hearing.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and hereby is denied.