**John Leo CONNORS, Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. A. No. 71-C-44-R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

April 14, 1971.

---

OPINION and JUDGMENT

DALTON, Chief Judge.

On December 4, 1968 John Leo Connors was convicted in this court upon his pleas of guilty to violations of 18 U.S.C. § 2312 and 18 U.S.C. § 751(a).

Since he was twenty years old on the date of conviction, he came within the terms of the Youth Corrections Act, 18 U.S.C. §§ 5005 *et seq.*, and the court sentenced him to the custody of the Attorney General as provided in 18 U.S.C. § 5010(b). Under the provisions of the Youth Corrections Act the offender must be released conditionally under supervision within four years of conviction and must be released unconditionally within six years from the date of conviction.

In the present proceeding Connors has filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 on the grounds that: (a) he was not represented by counsel at the hearing before the commissioner; (b) he is subject to a maximum of six years restriction under the Youth Corrections Act while an adult convicted of the same offenses could only be sentenced to a term of five years on each conviction; and (c) he was subject to an illegal arrest by F.B.I. agents who allegedly entered his father's house without a warrant and without his father's permission.

The issues raised by the petitioner are questions of law which do not require extended discussion because they have been settled by previous decisions in the federal courts. A number of earlier challenges have been made to the constitutionality of 18 U.S.C. § 5010(b) and the United States Court of Appeals for the Fourth Circuit has followed the rulings of other courts of appeals and ruled it constitutional. Johnson v. United States, 374 F.2d 966 (4th Cir. 1967); Brisco v. United States, 368 F.2d 214 (3rd Cir. 1966); Rogers v. United States, 326 F.2d 56 (10th Cir. 1963); Cunningham v. United States, 256 F.2d 467 (5th Cir. 1958). The statute has been sustained on the ground that it envisions care and treatment of the young offender rather than subjecting him to the relatively unsettling effects of prison. In addition the offender must be released from actual confinement within four years even though he still may be subject to supervision for the period re-

maining within six years of conviction. Conversely, the adult offender may remain in prison for a five year period. At any rate the constitutionality of this statute is so settled as to make it beyond the inquiry of this court.

■■ The other issues which the petitioner raises concerning denial of counsel at the commissioner's hearing and an alleged illegal arrest have been foreclosed by the petitioner's guilty plea. Even if these two allegations are accepted as true, they cannot justify relief because they were preliminary defects which were waived by the guilty plea. A voluntary and understanding plea of guilty is a waiver of all previous defects of a non-jurisdictional nature. United States ex rel. Glenn v. McMann, 349 F.2d 1018 (2nd Cir. 1965), cert. denied, 383 U.S. 915, 86 S.Ct. 906, 15 L. Ed.2d 669 (1966); *see* United States v. Ford, 363 F.2d 375 (4th Cir. 1966). As the Supreme Court stated in a recent case:

> But the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or a judge.

Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). Clearly the petitioner is foreclosed from now questioning the legality of his arrest or the lack of counsel at the commissioner's hearing.

The foregoing opinion demonstrates that the petition should be and, therefore, is dismissed. Since the only questions raised are ones of law, a hearing would serve no purpose.

If the petitioner wishes to appeal this judgment or any part thereof, he should file within 30 days a notice of appeal with the clerk of *this* court. Failure to file notice of appeal within 30 days may result in a denial of the right of appeal. The notice of appeal shall state the following:

(1) the judgment, order or part thereof appealed from;

(2) the party or parties taking the appeal; and

(3) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to send certified copies of this opinion to the petitioner and to counsel for the respondent.