**Bobby Gene WALLEN, Petitioner,**

v.

**Jack F. DAVIS, Director, Department of Corrections, Respondent.**

**Civ. A. No. 75–0098.**

United States District Court, W. D. Virginia, Roanoke Division.

Aug. 12, 1975.

Bobby Gene Wallen, pro se.

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge.

Bobby Gene Wallen, an inmate at the Virginia Department of Corrections Botetourt Correctional Unit, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the constitutionality of his conviction for grand larceny by the Circuit Court of Scott County, Virginia. He was tried on April 24, 1974 before a jury, convicted, and received a five year sentence, two years of which were suspended. He appealed his conviction to the Virginia Supreme Court which court denied his appeal.

Petitioner was allowed to proceed with this action *in forma pauperis*. Petitioner makes the following allegations:

1) He was prejudiced by the state court's refusal to separate his trial from that of two other defendants, one of whom had previously been convicted of a felony.

2) Testimony by an expert witness regarding the value of the stolen property was improperly admitted into evidence since the expert had been a former Commonwealth Attorney who had participated in the initial stages of petitioner's case.

3) There was no evidence to support petitioner's conviction and that the verdict was contrary to the law and evidence.

4) He was not present at his arraignment.

5) He was not provided with adequate counsel.

The only one of the above issues which was presented to the Virginia Supreme Court was allegation No. 2.

Respondent has filed a motion to dismiss in which he asks this court to dismiss all the allegations, save allegation No. 2, since petitioner has not exhausted his state remedies as is required by 28 U.S.C. § 2254(b); however, § 2254 excuses non-exhaustion when there are circumstances which render the state processes ineffective. In *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974), the Virginia Supreme Court stated that review through state habeas corpus would not be available as a means

to challenge the validity of convictions if the allegations had not been previously presented through objections at trial and upon appeal. The only two exceptions to this hard and fast ruling are jurisdictional defects or a showing of ineffective assistance of counsel in the failure to raise an issue at trial and upon appeal. Therefore, petitioner has no effective state process available and all of his allegations are properly before the court since his non-exhaustion is rightly excused.

A thorough review of the case file, including a transcript of petitioner's state trial, reveals no errors of a constitutional magnitude so as to justify federal habeas corpus relief. Respondent's motion to dismiss will be treated as one for summary judgment and disposed of as provided in Rule 56, Federal Rules of Civil Procedure, since matters outside the pleadings have been presented to the court.

■ Petitioner's first allegation relates to the question of separate trials and petitioner alleges that he was tried jointly with two co-defendants and since one of these co-defendants was a felon, petitioner was thereby prejudiced. There is no logic in the conclusion that a joint trial with a co-defendant who is a felon in and of itself works prejudicially to deny a defendant a fair trial. Since the transcript indicates that there was no mention to the jury of the criminal record of any of the co-defendants, the jury could not have been prejudiced in this regard. The "denial of severance in a joint trial of co-defendants 'is a matter within the sound discretion of the trial Judge, and his decision will not be overturned unless there is an affirmative showing of abuse of discretion.'" *Bretti v. Wainwright*, 439 F.2d 1042, 1046 (5th Cir. 1971) quoting *Milam v. United States*, 322 F.2d 104 (5th Cir. 1963). In the present case not only is the record bare of any defense motion for separate trials, but there has been no prejudicial effect affirmatively demonstrated by pe-

titioner. Accordingly, the court finds no merit in petitioner's first allegation.

■ Petitioner's next two allegations attack the quality and adequacy of the evidence admitted at his trial. On these issues the Fourth Circuit has specifically annunciated the test which is to be applied in *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960):

Normally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues. It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. The role of a federal habeas corpus petition is not to serve as an additional appeal.

A review of petitioner's trial transcript demonstrates that the trial conformed with constitutional fundamental fairness and therefore petitioner's allegations concerning the admissibility and sufficiency of evidence must be dismissed.

■■ The trial transcript (p. 5) also indicates that petitioner was present at his arraignment so that his allegation to the contrary is clearly without any factual merit. The transcript further indicates that petitioner was afforded adequate assistance from his counsel. Habeas corpus relief on the ground of ineffective assistance of counsel will only be granted where petitioner can show that his attorney made a farce or mockery of his trial. *Ashby v. Cox*, 344 F.Supp. 759 (W.D.Va.1972). It is not the role of a federal court to supervise or second-guess attorneys' trial strategies. The trial transcript indicates that petitioner received fair and adequate representation. On these bases the court holds that petitioner's allegation does not merit federal habeas corpus relief.

For reasons contained in the above opinion the court holds that petitioner's allegations are without merit and there-

fore summary judgment is granted to respondent and this case is ordered dismissed and stricken from the docket. Petitioner is advised of his right to appeal the judgment of this court to the United States Court of Appeals for the Fourth Circuit by filing a notice of appeal with this court within 30 .days.