## MYLES v. UNITED STATES.
### No. 12354.

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1948.

No appearance for appellant.

John D. Hill, U. S. Atty. and Robert Giles, Asst. U. S. Atty., both of Birmingham, Ala., for appellee.

Before McCORD and LEE, Circuit Judges, and MIZE, District Judge.

LEE, Circuit Judge.

This appeal is from a judgment of the district court for the northern district of Alabama, dismissing appellant's petition for a writ of error coram nobis. The judgment was entered upon a motion to dismiss, filed by the district attorney. The appellant is now confined in a federal penitentiary under a judgment and commitment by the court below for transporting stolen property in interstate commerce in violation of Section 415, Title 18, of the U.S.C.A.[1] His contention is that the judgment is void, because the alleged stolen property was not described in the indictment "with sufficient clarity and certainty" to inform him of the nature and cause of the accusation, and to enable him to be protected against another prosecution for the same offense.

The writ of error coram nobis (or vobis) differs from the more frequent writ of error (and from an appeal under the present federal practice), both in form and substance. In the first place, it issues to correct errors of fact, and not errors of law. Moreover, the errors of fact capable of being corrected, which affect the validity of the legal proceeding, are of a very limited class. The errors to which such writ applies ordinarily are not errors of the judge but mistakes or oversights of the parties that vitiate the judgment.[2] Obviously, this common law writ of error coram nobis is not applicable here; but, treating the proceeding as a motion to vacate the judgment or as a petition for the writ of habeas corpus, we shall decide the issue presented upon its merits.

The indictment under review describes the stolen property, which was transported, as certain stocks, bonds, and watches "which[3] had theretofore been stolen by said defendant from Richard W. Massey, at the Massey Business College in Birmingham, Alabama." This describes the securities with reasonable certainty, which is all that the law requires. In fact, it describes them with absolute certainty unless the defendant was guilty of another theft of property of the same description, which it is not reasonable to presume. One may transport stolen property belonging to several owners and commit only one offense, while each asportation of property of different owners is necessarily a separate offense of larceny. In an indictment for stealing a mule, it is only necessary to describe "a certain mule of the value of $200, being then and there the property of John Doe." The color of the mule need not be alleged; but if alleged, it must be proved. A defendant may steal a mule from a corral containing a hundred similar mules, and yet the name of the owner is the only description of the stolen property required in the indictment.

In prosecutions under 18 U.S.C.A. §§ 408 and 415,[4] for transporting stolen

---

[1] In 1948 Revision, 18 U.S.C.A. § 2314.
[2] Stephen on Pleading, p. 119 (9th Am. Ed., p. 116).
[3] That would have been a better word than which to introduce a descriptive phrase, but neither poor nor bad grammar will vitiate an indictment.
[4] In 1948 Revision, 18 U.S.C.A. §§ 2311–2314.

property in interstate commerce, we have a rare departure from the maxim that the allegata and the probata must correspond. It is not necessary to allege directly that the property was stolen, but it must be proved that the property was stolen. The allegation that it was "stolen property," with a description reasonably sufficient to inform the accused of the identity of the specific thing transported, is all that good pleading requires. If in larceny the name of the owner and the general character of the property taken (such as a horse, mule, watch, or overcoat) is sufficient, we see no reason to require more specificity in describing the stolen securities than is contained in the indictment here. When the accused was informed that the stolen property transported by him consisted of certain stocks, bonds, and watches, previously stolen by him from Richard W. Massey at the Massey Business College in Birmingham, Alabama, he knew exactly what was the accusation against him, and he then entered a plea of not guilty. Later, appearing in person and by counsel, he withdrew his plea of not guilty and entered a plea of guilty to the charge, i. e., he pleaded that the identical bonds that he had stolen from a particular person at a certain place in Birmingham, Alabama, were feloniously transported by him in interstate commerce.

▮ Minute descriptive details are not necessary in indictments. If the defendant is in doubt as to the identity of the property, he may apply for a bill of particulars, and the court should grant the same. If the descriptive terms used are sufficient in their ordinary sense to show what the property was, they will be sufficient in an indictment. "In describing a handkerchief or a sheet, for instance, it may be described simply by those terms, without stating the color or size, or the material of which it is made. So where six handkerchiefs are in one piece, uncut, each being designated by the pattern, they may be described as six handkerchiefs. And a 10-carat gold watch may be described simply as a gold watch, if it is commonly known as such, though it is not so known by jewelers. And it has been held that a hide may be described as one hide, of a certain value, without stating the kind of animal from which it was tak-

en. And animals may be described, as 'one mare, the property of W., of the value of,' etc., or 'a certain hog, said hog being the property and chattel of one L.,' etc., without giving the color, kind, weight, mark, or brand. Such particularity is never required." Clark's Criminal Procedure, p. 255.

The same author further states, citing authorities, at page 253: "No satisfactory rule can be extracted from the cases as to the minuteness with which the property must be described. A description has been held sufficient by some courts that has been held insufficient by others. Thus one English court has held that a lamb is sufficiently described by the word 'sheep,' and another English court has held that it is not; and while the courts in Illinois and Missouri hold that a gelding is properly designated by the word 'horse,' the Kansas and Montana courts hold the contrary. The tendency of the courts, especially in recent years, is toward the allowance of greater latitude of description."

▮ Nowhere is this tendency better illustrated than in the table of forms, in Appendix A, of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Form 6 is for interstate transportation of a stolen motor vehicle. Omitting irrelevant parts, it is as follows: "John Doe transported a stolen motor vehicle from" one state to another, "and he then knew the motor vehicle to have been stolen." Of course, these rules and forms were not in effect when this case was disposed of, but Form 6 is powerfully persuasive that an indictment in such form is constitutionally sufficient to inform the defendant of the nature and cause of the accusation against him, since we cannot presume that an invalid or even defective illustrative form of indictment would emanate from the Supreme Court of the United States.

▮ If, as we believe, we have established the premise that the defendant was fully informed by the indictment of the nature and cause of the accusation against him, then it follows that the alleged insufficiency or lack of clarity in the description of the stolen securities was, in its worst aspect, a mere defect or imperfection in form,

which did not tend to the prejudice of the accused. Such defect, if any, was cured by the plea of guilty in the court below; and the reviewing court is required to disregard it. 18 U.S.C.A. § 556 and 28 U.S.C.A. § 391. See also Ledbetter v. United States, 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed. 1162; Norris v. United States, 5 Cir., 152 F.2d 808; Sutton v. United States, 5 Cir., 157 F. 2d 661; Rule 52(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. While the above Sections 556 and 391 of 18 and 28 of U.S.C.A., respectively, were repealed in part by the new Titles 18 and 28 of the United States Code, they remain in effect for the purposes of this case under saving clauses of the new Codes. See also notes to Rules 52(a) and 6(d), prepared by the Advisory Committee.

The judgment appealed from is Affirmed.