John Lewis SNEAD, Appellant,

v.

W. Frank SMYTH, Jr., Superintendent of the Virginia State Penitentiary, Appellee.

No. 7964.

United States Court of Appeals Fourth Circuit.

Argued Nov. 2, 1959.

Decided Dec. 16, 1959.

10. 13 A.L.R.2d., Note pp. 742, 743, 744.

W. A. Hall, Jr., Richmond, Va., for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (A. S. Harrison, Jr., Atty. Gen. of Virginia, on brief), for appellee.

Before SOPER, HAYNSWORTH, and BOREMAN, Circuit Judges.

SOPER, Circuit Judge.

John Lewis Snead appeals from the dismissal by the District Court of his petition for habeas corpus, wherein he sought release from prison on the ground that he was illegally detained in the Virginia State Penitentiary under a void judgment of the Circuit Court of Albemarle County, Virginia, which sentenced him to imprisonment for five years upon a conviction of grand larceny. His principal contentions are that the State court lacked jurisdiction of his case because (1) the indictment was void and (2) his attorney failed to raise certain questions at the trial and thereby he was deprived of the effective representation by counsel to which he was entitled under the Federal Constitution.

The indictment charged that the defendant did feloniously and unlawfully break and enter the house of Lloyd G. K. Carr with intent to commit larceny therein and did then and there unlawfully and feloniously take, steal and carry away personal property of the value of more than $50 of the goods and chattels of Lloyd G. K. Carr with intent to deprive the owner of same.

Upon this indictment the defendant was tried and found guilty of grand larceny and sentenced to serve five years in the penitentiary. Thereafter he was indicted in the Circuit Court of Nelson County, Virginia, for breaking and entering with intent to commit larceny and pleaded guilty to the charge and was sentenced to serve one year in the penitentiary. He was confined in a State road camp and escaped therefrom, and for this offense he was indicted, pleaded guilty, and was sentenced by the Circuit Court of Pittsylvania County, Virginia, to serve one year in the penitentiary, the sentence to run concurrently with the sentences in the two previous cases.

The first contention upon the present appeal is that the indictment is insufficient and void because the property is merely described as personal property of the value of more than $50 of the goods and chattels of Lloyd G. K. Carr without more particular description or identification of the goods. It is contended that by reason of this deficiency, the indictment stated no crime at all and was completely void and therefore the court was without jurisdiction. The Virginia decisions do not support the contention. They hold, as happened in the pending case, that an indictment may charge both statutory house breaking and larceny in the same count and that the defendant may be convicted and sentenced thereunder for either crime, but not for both, so that only one penalty can be imposed. Clark v. Commonwealth, 135 Va. 490, 115 S.E. 704; Wesley v. Commonwealth, 190 Va. 268, 56 S.E.2d 362. It is true that it is generally held that an indictment for larceny should contain a description of the goods stolen sufficient to identify the property and to advise the defendant with reasonable certainty as to the property meant and enable the jury to decide whether the property taken is the same as that upon which the indictment was found. 32 Am.Jur., Larceny, § 106; 27 Am.Jur., Indictments, § 83; Edwards v. United States, 4 Cir., 266 F. 848. Under this rule the indictment in this case was technically insufficient but it does not follow that the defect was so grave as to deprive the court of jurisdiction to try the case. In Virginia, as elsewhere, it is established that there is a marked difference between an indictment which is merely defective, so that it may be amended or the defendant may be given further information by a bill of particulars, and an indictment so fatally invalid that a prosecution cannot be based upon it. Evans v. Commonwealth, 183 Va. 775, 780, 33 S.E.2d 636.

In Livingston v. Commonwealth, 184 Va. 830, at page 836, 36 S.E.2d 561, at page 564, the court said:

"In this jurisdiction there is no constitutional requirement that prosecutions for felony be by indictment. The requirement is merely statutory. See Code sec. 4866. This requirement may be waived. See Hanson v. Smyth, 183 Va. 384, 32 S.E.2d 142.

"Generally in most jurisdictions when an indictment identifies the charge against the accused so that his conviction * * * may prevent a subsequent charge for the same offense, and it notifies him of the nature and character of the crime charged against him, to the end that he may prepare his defense, and the court, when called upon, may be enabled, upon conviction, to pronounce a correct judgment, it is sufficient.

"The Virginia statute, sec. 4865, is even more liberal, for its only requirement is that the indictment or information inform the accused of the nature and cause of the accusation against him. If the accused thinks that the indictment found against him is not sufficient he may enter a demurrer. Or if it is not sufficiently clear and specific as to the facts he may ask for a bill of particulars, which will give him the facts more specifically. See Code sec. 6901 (Michie); Pine v. Commonwealth, 121 Va. 812, 93 S.E. 652, and Wilkerson v. Commonwealth, 122 Va. 920, 95 S.E. 388."

Obviously, the indictment upon which the defendant was convicted described a crime punishable under the Virginia Code and informed him of the nature and character of the offense with which he was charged. The location of the place alleged to have been burglarized was described as the home of Carr and the personal property alleged to have been stolen was described as the goods and chattels of the owner of the house. Although the evidence at the trial is not included in the transcript of record, it is reasonable to infer that the defendant was well informed as to the identity

of the stolen goods through the production of the goods in the court or a description of them in the evidence, so that he was well aware of the precise nature of the charge. In any event, if he had desired greater particularity, he could have gotten it by demanding a bill of particulars and if his demand was improperly refused, he could have raised the point by motion for a new trial or upon appeal. See Pine v. Commonwealth, 121 Va. 812, 815, 93 S.E. 652. The statutes of Virginia provide for the amendment of an indictment in order to eliminate technicalities so long as the nature of the offense is not changed (Virginia Code, §§ 19–150 and 19–151); and the established practice in criminal cases provides for the furnishing of a bill of particulars in the discretion of the court whenever it appears that the allegations of the indictment are not sufficiently specific to inform the defendant of the details of the charge. The statutes also provide that the judgment in any criminal case shall not be arrested or reversed upon any exception or objection made to the indictment after a verdict unless it be so defective as to be in violation of the State Constitution (Virginia Code, § 19–139).

The same rule as to the nature and extent of the relief that may be had in a proceeding for habeas corpus is laid down by the Supreme Court of the United States in Eagles v. United States ex rel. Samuels, 329 U.S. 304, 311–312, 67 S.Ct. 313, 317, 91 L.Ed. 308, where it is said:

"It is elementary that *habeas corpus* may not be used as a writ of error. Tisi v. Tod, 264 U.S. 131, 44 S.Ct. 260, 68 L.Ed. 590; Woolsey v. Best, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3. The function of *habeas corpus* is exhausted when it is ascertained that the agency under whose order the petitioner is being held had jurisdiction to act. If the writ is to issue, mere error in the proceeding which resulted in the detention is not sufficient. Tisi v. Tod, supra. Deprivation of peti-tioner of basic and fundamental procedural safeguards, an assertion of power to act beyond the authority granted the agency, and action without evidence to support its order, are familiar examples of the showing which is necessary. See Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Bridges v. Wixon, 326 U.S. 135, 149, 65 S.Ct. 1443, 1450, 89 L.Ed. 2103. But it is not enough to show that the decision was wrong, Tisi v. Tod, supra, or that incompetent evidence was admitted and considered. United States ex rel. Vajtauer v. Commissioner, 273 U.S. 103, 47 S.Ct. 302, 71 L.Ed. 560."

See also United States ex rel. Johnson v. Ragen, 7 Cir., 171 F.2d 630.

In Edwards v. United States, 4 Cir., 1920, 266 F. 848, upon which the petitioner relies in the pending case, an indictment was held insufficient which charged misappropriation of certain property of the United States without further description, and it was held that advantage could be taken of this defect for the first time in the appellate court. However, it was not held that the trial court was without jurisdiction. See Massenberg v. United States, 4 Cir., 19 F.2d 62. In view of the decisions cited in the text Edwards v. United States, supra, cannot be relied on as an authority for the proposition that a minor defect in an indictment deprives the trial court of jurisdiction and entitles the defendant to release when raised for the first time on a petition for habeas corpus.

The additional contention of the prisoner that he is entitled to release because he was deprived of his constitutional right to be represented by an attorney is also untenable. He was in fact represented by counsel of his own choosing. His complaint is that the attorney failed to object to the indictment on the ground of insufficiency and failed to object to an instruction of the court that the defendant might be convicted under the indictment of both burglary and of larceny and given a maximum sentence

of twenty years. It does not appear that the defendant suffered any harm from these omissions. There is no allegation that he did not actually know the description of the goods which he was charged to have stolen or that he was convicted of or punished for both offenses. He was in fact convicted only of the crime of larceny and was given a sentence of five years under a statute which permitted a maximum penalty of ten years for this offense.

 It does not appear, therefore, that the defendant suffered from the lack of effective representation by his attorney. It is generally held that mere mistakes or errors of counsel are not sufficient to establish a violation of the defendant's constitutional right. It is only in such extreme instances where the representation has been so inadequate as to make a farce of the trial that it can be said that the prisoner was deprived of his constitutional rights. It has been repeatedly held that in case of counsel selected by the defendant the commission of what retroactively may appear to be errors of judgment on the part of the attorney does not constitute a constitutional lack of due process and does not defeat the jurisdiction of the trial court. There was in the pending case no such lack of legal assistance as was held in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, to deprive the court of jurisdiction. There was no allegation in the petition of improper conduct or representation of inconsistent interests by the attorney as was held to be fatal in such cases as Lunce v. Overlade, 7 Cir., 244 F.2d 108; Jones v. Huff, 80 U.S.App.D.C. 254, 152 F.2d 14. The facts in the pending case more resemble those in the following cases in which the errors complained of proved to be mere mistakes or errors of judgment of the attorney, which are uniformly held not to deprive the court of jurisdiction, especially where no prejudice to the prisoner appears. United States ex rel. Darcy v. Handy, 3 Cir., 203 F.2d 407, 425, 426, certiorari denied Maroney v. United States ex rel. Darcy, 346 U.S. 865, 74 S.Ct. 103, 98 L.Ed. 375; Application of

Hodge, 9 Cir., 262 F.2d 778, 780; Taylor v. United States, 9 Cir., 238 F.2d 409, 413, certiorari denied 353 U.S. 938, 77 S.Ct. 817, 1 L.Ed.2d 761; Morton v. Welch, 4 Cir., 162 F.2d 840, certiorari denied 332 U.S. 779, 68 S.Ct. 44, 92 L.Ed. 363; United States ex rel. Weber v. Ragen, 7 Cir., 176 F.2d 579, certiorari dismissed 338 U.S. 809, 70 S.Ct. 49, 94 L.Ed. 489.

The conclusions we have reached are supported by the decision of the Supreme Court of Appeals of Virginia in the case of Gilbert Snead v. Commonwealth, 200 Va. 850, 108 S.E.2d 399. Gilbert Snead is a brother of the present appellant, John Lewis Snead, and they were tried together under identical indictments and both were convicted. Gilbert Snead appealed to the Supreme Court of Virginia on the ground, amongst other things, of the insufficiency of the indictment but the court sustained the conviction. He then petitioned the Supreme Court of the United States for a writ of certiorari and while the petition was pending, John Lewis Snead filed the proceeding in the District Court which is now under review. The State defended the case on the grounds discussed above and on the additional ground that John Lewis Snead had not exhausted his State remedies before filing the petition for habeas corpus. The point was well taken at the time, even if it should be thought that John Lewis Snead was entitled to rely on the proceedings taken by his brother after the conviction, since the Supreme Court of the United States had not passed on the petition of Gilbert Snead for certiorari. That Court, however, did consider and deny the petition before the argument in this court of the pending appeal, 80 S.Ct. 129. Accordingly, we have not found it necessary to discuss the State's contention on this point.

We do think it incumbent upon us, however, to refer to statements addressed to this point in the brief of the attorney filed in this court on behalf of John Lewis Snead. The attorney took the position that an effort to obtain relief for his client in the State courts would be futile, because in all habeas

corpus cases filed in the State of Virginia the conduct of the attorneys for the State has been so improper and the judges have been so prejudiced and unfair as to deny justice to the petitioners. These statements are so manifestly abusive and without foundation as to constitute an unwarranted attack on the integrity of the courts and the legal representatives of the State of Virginia and to deserve the condemnation and rebuke of this Court. Accordingly, the Clerk of this Court is instructed to excise from the petition for habeas corpus and briefs of the appellant and to return to the attorney the objectionable matter contained in those portions of the petition which appear on pages 8 to 12 of the printed copy thereof in the appendix of the State, comprising nine lines at the bottom of page 8, pages 9, 10, 11 and two lines at the top of page 12; and also the following portions of the main brief, to wit: the final paragraph on page 3, the first paragraph on page 4, page 15 in its entirety, and page 16 up to the paragraph entitled "Conclusion"; and also the following portions of the reply brief, to wit: the final paragraph on page 3, pages 4 and 5 in their entirety, and page 6 up to the paragraph numbered "–2–".

Affirmed.