**Charles L. HINTON**
v.
**D. P. HENRY, Administrator of the Dept. of Correction of the State of North Carolina.**

**Civ. No. 2439.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

Nov. 19, 1969.

Charles L. Hinton, pro se.

Robert Morgan, Atty. Gen. of North Carolina, by Jacob L. Safron, Staff Atty., for respondent.

## MEMORANDUM OPINION AND ORDER

LARKINS, District Judge:

This cause is before the Court as an application for a writ of habeas corpus filed by a State prisoner pursuant to the provisions of Title 28, United States Code Annotated, Section 2254. The application has been filed in Forma Pauperis by leave of the Court. Issues have been joined by Respondent's Answer and Motion to Dismiss.

The Petitioner alleges a violation and deprivation of his Constitutional rights by the State of North Carolina in the following particulars:

(1) In that he was denied appeal from his post-conviction hearing and denied the necessary records on appeal;

(2) In that his plea of guilty at trial was unknowingly and unwillingly entered; and

(3) In that he was denied effective assistance of counsel at trial.

Respondent, answering, denies that any of the Petitioner's rights have been violated and moves to dismiss the application.

## FINDINGS OF FACT

It appearing to the Court that Petitioner has sufficiently exhausted his State remedies, the merits of his contentions may be decided.

The Petitioner was found guilty, upon his plea of guilty, of the offense of Second Degree Burglary and sentenced to a term of thirty (30) to forty (40) years imprisonment on February 12, 1968. It is from this conviction and sentence that relief has been sought by the Petitioner at various State hearings and appeals and is now being asked.

The Petitioner does not contest the voluntariness of his plea of guilty at trial, but asserts that he was misled into so pleading by his attorney.

## CONCLUSIONS OF LAW

As to Petitioner's first contention that the denial of his appeal from post-conviction hearing and the denial of necessary records for that appeal violated his Constitutional rights, it appears to the Court here, upon a review of the copy in part of Judge Hobgood's Order of February 13, 1969, denying post-conviction relief to Petitioner, that Constitutional standards were satisfied in that hearing and that no denial of Constitutional rights resulted in the subsequent denial of appeal or of the necessary records for appeal.

As to Petitioner's contention that his rights were violated by the fact that his Plea of Guilty was entered without knowledge that he could receive life imprisonment and with the belief that such a plea would lead to only two (2) or three (3) years imprisonment for him, the trial transcript clearly controverts this contention. In open court he was clearly asked, and clearly answered, the following:

"Q. Do you understand that upon your plea of guilty you could be imprisoned for as much as the remainder of your natural life?"

"A. Yes, Sir." (Trial Transcript, pp. 78)

Clearly this contention is without merit. The next question propounded by the Court was as follows:

"Q. Has the Solicitor *or your lawyer* or any policeman, law officer, or anyone else, made any promise to you to influence you to plead guilty to the charge or to the offense of burglary in the second degree?" (Emphasis Added.)

"A. No, Sir." (Trial Transcript, pp. 78).

Boykin v. Alabama, 395 U.S. 902, 89 S.Ct. 1739, 23 L.Ed.2d 216 (1969) is cited by both the Petitioner and the Respondent. There, the United States Supreme Court held that it was error for a State Trial Judge to accept the guilty plea without an affirmative showing that it was voluntarily and understandingly entered.

The Honorable Harry E. Canady, Judge Presiding at the trial of Petitioner's case asked the following further question before accepting the guilty plea of the Petitioner:

"Q. Do you now freely, understandingly, and voluntarily authorize and instruct your lawyer to enter a plea of guilty in your behalf to the offense of burglary in the second degree?"

"A. Yes, Sir." (Trial Transcript, pp. 78–79).

This Court is loathe to expect more. If an "affirmative showing that (the plea) was voluntarily and understandingly entered" within the meaning of Boykin v. Alabama, (supra) is not blatantly established by this extensive interrogation of the accused, this Court is hard-pressed to envision a situation in which any sufficient showing could be so established. A court, sitting as a tribunal for the dispatch of expediency and of justice, is burdened by the fact that it can only assume that those questions propounded by it are answered truthfully. Though this sometimes is not the case, the presumption necessarily must abide in all cases. The Court is protective of the rights of all accused persons and is at all times prepared to jump to the defense of these sacred shields, but it can not hold the defendant's hand. It must simply ask the questions and hope they are answered.

The Court is of the considered opinion that a sufficient showing that the plea of guilty was voluntarily and understandingly entered is established when (1) the defendant is asked if he understands that his plea of guilty could still subject him to the maximum sentence; and his reply is in the affirmative, (2) he is asked if his plea is voluntarily, and understandingly, and freely made; and his answer is affirmative, and (3) the defendant is asked if he has been affected in his decision to so plead by promise of reward or threat of force; and a reply of "no". In the instant case, all three questions were propounded and answered as set out above by the Petitioner.

As to the Petitioner's third assertion of ineffective assistance of counsel, this contention also is without sufficient merit to allow the petitioner habeas corpus relief. Mere mistakes in judgment or errors in trial tactics are not sufficient to amount to deprivations of the accused's constitutional rights and entitle him to habeas corpus relief. Tompa v. Commonwealth of Va. ex rel.

Cunningham, 331 F.2d 552 (4th Cir., 1964). Ordinarily, one is deprived of effective assistance of counsel only in those extreme instances where the representation is so transparently inadequate as to make a farce of the trial. Snead v. Smyth, 273 F.2d 838 (4th Cir., 1959).

### ORDER

Now therefore, in accordance with the foregoing it is:

Ordered, that the application for writ of habeas corpus be, and the same hereby is Denied;

Further ordered, that the Respondent's Motion to Dismiss be, and the same hereby is Allowed.