William C. ASBURY, Petitioner,

v.

J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.

No. 70–C–70–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

Aug. 6, 1970.

James E. Kulp, Asst. Atty. Gen., Richmond, Va., for respondent.

### OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by William C. Asbury, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was transferred to this court by order filed June 25, 1970.

Petitioner is currently serving a thirty year sentence pursuant to a judgment of the Circuit Court of Tazewell County, imposed on September 14, 1961 for murder. Petitioner, represented by court-appointed counsel, entered a plea of not guilty and was tried by a judge without a jury.

The present claims were raised by a petition for a writ of habeas corpus in the Circuit Court of Tazewell County. On May 10, 1967 that court held a hear-ing and denied relief on the petition. This dismissal was affirmed by the Virginia Supreme Court of Appeals on December 4, 1967. Petitioner has generally exhausted his available state remedies pursuant to 28 U.S.C. § 2254.

■ First, petitioner asserts that he was denied the right to a jury trial. At the state hearing, petitioner testified that he did not know even that he had the right to a jury trial. While petitioner's counsel testified that he discussed this right with petitioner, the trial transcript contains sufficient evidence to demonstrate the lack of merit in this claim. Before trial, the court asked petitioner the following question:

Q. I understand from your counsel, Mr. Hughes, that you desire to waive a trial by jury and have the matter heard by the Court under your plea of not guilty, now do you understand your rights fully and do you desire to waive a jury trial and have the matter heard by the Court, is that correct?

A. Yes, sir.

■ Next, petitioner alleges he was denied the right to have witnesses in his own behalf. At the state hearing petitioner testified that he gave the names of these witnesses to the jailer and not to his attorney. In the present action, petitioner alleges that he requested his counsel to obtain these witnesses, but was refused. Petitioner also testified at the state hearing that these witnesses could only testify to his character. No constitutional error results from the failure of the jailer to see that these witnesses are present or from the failure to have character witnesses at the trial.

■■ Also, petitioner complains that he was denied the right to testify in his own behalf. The record shows that at the end of the Commonwealth's evidence, petitioner's counsel stated "The defendant does not desire to make a statement." Petitioner was present and certainly could have objected had he wished to testify. It appears therefore that defendant upon counsel's advice decided to

forego his right to testify. Nor is counsel's advice on trial tactics a matter that can be raised in this petition. Snead v. Smyth, 273 F.2d 838 (4th Cir. 1959).

 Petitioner alleges that he was denied the right to be present at every stage of the proceedings. While he did not pursue this allegation at the state hearing, the trial transcript is sufficient to refute this claim. The record shows that the trial was continuous and uninterrupted. The trial transcript does not show that any break, conference, recess, or adjournment occurred in the trial.

Next, petitioner alleges that he was denied the right to be tried by an impartial tribunal. Petitioner was tried by a judge without a jury. State judges cannot lightly be presumed prejudiced or lightly accused. Petitioner contends that there was a conspiracy to convict him of this crime. No facts are alleged or shown which demonstrate that the trial judge was unfair or prejudiced. This again is another of the claims that petitioner did not pursue at the state hearing. It cannot be presumed that petitioner has facts relating to these many unpursued claims but failed to allege them. Petitioner has been given his day in court and was not able to substantiate his claims with facts.

Finally, petitioner alleges ineffective representation by counsel. At the state hearing an attempt was made to show that counsel did not have adequate time to represent petitioner because of counsel's heavy case load. Counsel was appointed to represent several other defendants during the same period he represented petitioner. Counsel testified that he was prepared for the trial and that a continuance was unnecessary. The best criminal lawyers often represent many different defendants during a short period. The evidence does not carry the burden of showing that petitioner's counsel was so overburdened that he could not give petitioner's case adequate preparation. Nor does the evidence disclose any other facts which show counsel's representation to be inadequate.

See Snead v. Smyth, supra. To the contrary the evidence demonstrates that petitioner was very ably represented by counsel.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order, or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.