**Larry Grant BOWRING, Petitioner,**

v.

**A. E. SLAYTON, Superintendent Virginia State Penitentiary, Respondent.**

**Civ. A. No. 73-C-76-R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

July 5, 1973.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by Larry Grant Bowring, a state prisoner, pursuant to the provisions of 28 U.S.C.A. § 2241. The petition was filed with this court on May 30, 1973.

Petitioner is currently serving a ten-year sentence in the Virginia State Penitentiary, pursuant to a judgment of the Hustings Court of the City of Roanoke, imposed on November 15, 1968, for robbery. Petitioner is also being detained pursuant to subsequent convictions for attempted robbery and kidnapping, where he was sentenced to five years and nine years respectively by the Hustings Court of the City of Roanoke.

Petitioner attacks his conviction of kidnapping, imposed on April 7, 1969, and this attack is made solely on the grounds that his rights were prejudiced by the fact that the jury was presented a newspaper photograph of him as an exhibit and that his attorney was incompetent for introducing the article into evidence.

Petitioner previously filed a petition for a writ of habeas corpus in the Circuit Court of Roanoke County in which he claims that he was denied due process of law by the trial court when it permitted the Commonwealth to introduce the newspaper article into evidence. This petition was dismissed by an order of the Circuit Court entered on September 22, 1972. In the motion to dismiss, the respondent pointed out that the newspaper article was introduced into evidence in order to show the jury what the defendant looked like at the time of the pretrial identification procedure and for the purpose of trying to cast doubt on the validity of the identification process. Petitioner appealed this dismissal to the Supreme Court of Virginia, which denied the petition for writ of error by an order dated March 26, 1973. Respondent states that petitioner's attack in the state courts was made on an entirely different basis, and that there was no claim made in the state courts, that his counsel was ineffectively representing him. The court notes that while there has been exhaustion on the allegation of denial of rights, there has been no exhaustion on the allegation of ineffective representation of counsel.

Therefore, the court must dismiss this allegation for failure to exhaust state remedies in compliance with the provisions of 28 U.S.C.A. § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963); Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963). However, in the interests of justice, the court will consider the claim on the merits.

■ The court notes that the newspaper photograph of petitioner in a jail cell was introduced by the defense counsel as a trial tactic for the purpose of creating a doubt in the mind of the jury as to the identification of the petitioner. The test for ineffective representation of counsel was stated in Snead v. Smyth, 273 F.2d 838, 842 (4th Cir. 1959), where the court said:

> It is generally held that mere mistakes or errors of counsel are not sufficient to establish a violation of the defendant's constitutional right. It is only in such extreme instances where the representation has been so inadequate as to make a farce of the trial that it can be said that the prisoner was deprived of his constitutional rights. It has been repeatedly held that in case of counsel selected by the defendant the commission of what retroactively may appear to be errors of judgment on the part of the attorney does not constitute a constitutional lack of due process and does not defeat the jurisdiction of the trial court.

This court does not consider the introduction of the photograph showing petitioner behind bars to be so inflammatory as to prejudice his trial or to make a farce of it or to establish a violation of his constitutional rights. Therefore the court dismisses petitioner's allegation of ineffective representation of counsel and denial of rights as being without merit.

Accordingly, it is ordered that the petition for a writ of habeas corpus be dismissed and the relief denied. This dismissal is without prejudice to the refiling of a petition on any claim not adjudicated here after exhaustion of available state remedies.