**UNITED STATES of America, Plaintiff,**

v.

**Albert STAITI, Defendant.**

**Crim. A. No. 73-226-J.**

United States District Court, D. Massachusetts.

May 29, 1975.

---

James N. Gabriel, U. S. Atty., and Paul Troy, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Martin G. Weinberg, of Oteri & Weinberg, Boston, Mass., for defendant.

## COURT'S ACTION ON DEFENDANT'S MOTION TO DISMISS COUNTS TWO AND THREE

JULIAN, Senior District Judge.

This case is before the Court on the defendant's "Motion to Dismiss Counts Two and Three" which was filed one week before the date set for trial.

In Counts II and III the defendant is accused of transporting stolen goods in interstate commerce in violation of 18 U.S.C. § 2314. In pertinent part 18 U.S.C.A. § 2314 provides:

Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud;

.     .     .     .     .     .  .

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

Counts II and III of the indictment are identical except in one detail—the period during which the offense is alleged to have been committed. Count II, for example, alleges:

From on or about July 1, 1971 up to and including December 31, 1971 ALBERT STAITI did knowingly, wilfully and intentionally transport and cause to be transported in interstate commerce, i. e., from Mystic, Connecticut to the District of Massachusetts, property exceeding $5,000 in value, knowing the same to have been stolen, converted and taken by fraud; in violation of Title 18, United States Code, Section 2314.

The defendant asserts:

That Count Two and Count Three are impermissibly vague in that they do not properly define the property that is alleged to have been stolen; neither the ownership nor any specific description of the property nor a description of when it was stolen, converted and taken by fraud is included in either Count Two or Count Three and thus the defendant is not properly charged both because he cannot prepare a defense to such vague charge and because he would not be protected against double jeopardy should he be charged similarly in the future.

■ When the charges of an indictment follow substantially the wording of a criminal statute which embodies all the elements of the crime and the charges clearly inform the defendant of the offense of which he is accused so as to enable him to prepare his defense and to plead the judgment in bar of any further prosecutions for the same offense, the indictment is sufficient. *United States v. Debrow,* 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953).

An indictment which follows substantially the wording of a criminal statute is not, however, necessarily sufficient:

"It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,—it must descend to particulars.' " *United States v. Cruikshank,* 92 U.S. 542, 558 [23 L.Ed. 588]. An indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation

against him . . . is defective, although it may follow the language of the statute." *United States v. Simmons*, 96 U.S. 360, 362 [24 L.Ed. 819]. "In an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished; . . .." *United States v. Carll*, 105 U.S. 611, 612 [26 L.Ed. 1135]. "Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *United States v. Hess*, 124 U.S. 483, 487 [8 S.Ct. 571, 573, 31 L.Ed. 516]. See also *Pettibone v. United States*, 148 U.S. 197, 202–204 [13 S.Ct. 542, 545, 37 L.Ed. 419]; *Blitz v. United States*, 153 U.S. 308, 315 [14 S.Ct. 924, 927, 38 L.Ed. 725]; *Keck v. United States*, 172 U.S. 434, 437 [19 S.Ct. 254, 255, 43 L.Ed. 505]; *Morissette v. United States*, 342 U.S. 246, 270, n. 30 [72 S. Ct. 240, 253, 96 L.Ed. 288]. Cf. *United States v. Petrillo*, 332 U.S. 1, 10–11 [67 S.Ct. 1538, 91 L.Ed. 1877]. That these basic principles of fundamental fairness retain their full vitality under modern concepts of pleading, and specifically under Rule 7(c) of the Federal Rules of Criminal Procedure, is illustrated by many recent federal decisions.

*Russell v. United States*, 369 U.S. 749, 765–766, 82 S.Ct. 1038, 1047, 8 L.Ed. 2d 240 (1962) (the Supreme Court quashed an indictment) (footnotes omitted); see *Hamling v. United States*, 418 U.S. 87, 117–119, 94 S.Ct. 2887, 41 L. Ed.2d 590 (1974).

*Myles v. United States*, 170 F.2d 443 (5 Cir. 1948) involved the sufficiency of an indictment under the same statute as is involved in the present case. The *Myles* court specified the standard by which the sufficiency of allegations concerning the identity of stolen property is to be judged:

> The allegation that it was "stolen property," with a description reasonably sufficient to inform the accused of the identity of the specific thing transported, is all that good pleading requires.
>
> . . . . .
>
> Minute descriptive details are not necessary in indictments. If the defendant is in doubt as to the identity of the property, he may apply for a bill of particulars, and the court should grant the same. If the descriptive terms used are sufficient in their ordinary sense to show what the property was, they will be sufficient in an indictment.

*Id.*, at 445. Cf. *Sterling v. United States*, 333 F.2d 443 (9 Cir.), *cert. denied*, 379 U.S. 933, 85 S.Ct. 333, 13 L. Ed.2d 344 (1964); Annot., 99 ALR 2d 813; 4 Anderson, Wharton's Criminal Law and Procedure, §§ 1782, 1783.1, 1783.2 (1957); F.R.Cr.P. 7(c) ("The indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.")

The *Myles* court ruled that the indictment before it was not defective:

> The indictment under review describes the stolen property, which was transported, as certain stocks, bonds, and watches "which had theretofore been stolen by said defendant from Richard W. Massey, at the Massey Business College in Birmingham, Alabama." This describes the securities with reasonable certainty, which is all that the law requires.

170 F.2d at 444 (footnote omitted).

The government cites three cases as authority for the assertion that the wording of Counts II and III, which contains no description whatever of the property transported, is sufficient: *Gor-*

don v. United States, 164 F.2d 855 (6 Cir. 1947), cert. denied, 333 U.S. 862, 68 S.Ct. 741, 92 L.Ed. 1141 (1948); *Snead v. Smyth,* 273 F.2d 838 (4 Cir. 1959); *Ashby v. Cox,* 344 F.Supp. 759 (W.D. Va.1972).

*Gordon* involved the sufficiency of an indictment under the same statute as is involved in the present case. The opinion paraphrases the indictment:

> The substantive crime charged in the indictment was the transportation from Detroit, Michigan, to Chicago, Illinois, on September 13, 1940, of jewelry stolen from Walter Ollendorff at the Book-Cadillac Hotel.

164 F.2d at 857.

In *Gordon* the government also answered two sets of interrogatories presented in motions for bills of particulars. The circuit court affirmed the conviction.

*Ashby* and *Snead* involved habeas corpus attacks on the sufficiency of indictments under state statutes.

In *Ashby* and *Snead* each indictment specified that a specific building was burglarized and the property alleged to have been stolen was the goods and chattels of the owner of the building. The *Snead* court ruled that the indictment was "technically insufficient" but that it was not "fatally invalid" and affirmed the district court's denial of the writ of habeas corpus. The *Ashby* decision followed the *Snead* ruling.

*Gordon, Ashby* and *Snead* each involved indictments which did not contain lists of the property. Each indictment, however, contained descriptive terms which were sufficient to inform the defendant of the identity of the property stolen and of the offense of which he was accused.

Counts II and III of the indictment in the present case accuse the defendant of transporting stolen "property" in interstate commerce. There is not the slightest description of the property. There is nothing in either Count II or Count III which gives the slightest indication of the identity of the item or items of the property involved. Each count is in effect a blanket indictment under which the government could prove the transportation of anything that constitutes "property" of any kind. The statute at least mentions "goods, wares, merchandise, securities or money." The motion to dismiss, therefore, raises the question of whether some description of the "property" is necessary. The Court holds that a bald assertion that the defendant transported "property" is insufficient.

The counts do not inform the defendant even in generic terms of the property which he is alleged to have transported so as to enable him to prepare his defense and to plead a judgment in bar of any further prosecutions for the same offense.

Accordingly, the defendant's "Motion to Dismiss Counts Two and Three" is granted.