**UNITED STATES of America,
Appellant,**

**v.**

**Jack Edward FLEMING and Lawrence
Charles Hinton, Appellees.**

**No. 75–1655.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 3, 1975.

Decided Nov. 17, 1975.

Certiorari Dismissed Jan. 21, 1976.

See 96 S.Ct. 872.

Donald J. Stohr, U. S. Atty., and Frederick R. Buckles, Asst. U. S. Atty., St. Louis, Mo., and J. Stanley Pottinger, Asst. Atty. Gen., and Brian K. Landsberg and Neal J. Tonken, Attys., Dept. of Justice, Washington, D. C., for the United States.

Norman S. London and Lawrence J. Fleming, St. Louis, Mo., for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

The United States appeals from the dismissal of an indictment against two St. Louis, Missouri, policemen. We find the indictment to have been improvidently dismissed and order it reinstated.

On May 15, 1975, a federal Grand Jury returned an indictment against two St. Louis policemen, charging as follows:

On or about July 2, 1974, in St. Louis, Missouri, in the Eastern District

of Missouri, Jack Edward Fleming and Lawrence Charles Hinton, who were then officers of the St. Louis, Missouri Police Department, while acting under color of the laws of the State of Missouri, did willfully strike, beat and assault Robert Steven Rueter, an inhabitant of the State of Missouri, and did, thereby, willfully deprive Robert Steven Rueter of the right secured and protected by the Constitution and laws of the United States not to be deprived of liberty without due process of law.

In violation of Section 242, of Title 18, United States Code.

The district court, in an unpublished memorandum opinion of July 22, 1975, dismissed the indictment for vagueness under Rule 7 of the Federal Rules of Criminal Procedure. The district court stated, in part, that

> [w]hile the essential elements of the crime appear to be present in the indictment, the language of the indictment appears to the Court to be so conclusory that it would be difficult for the defendants to prepare an adequate defense.

■ Rule 7(c) of the Federal Rules of Criminal Procedure requires only a "plain, concise and definite written statement of the essential facts constituting the offense charged." In interpreting this rule, the Supreme Court has recently held that

> an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. [*Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974).]

*See United States v. Sperling,* 506 F.2d 1323, 1344 (2d Cir. 1974), *cert. denied,* 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975); *United States v. Skelley,* 501 F.2d 447, 452 (7th Cir.), *cert. denied,* 419 U.S. 1051, 95 S.Ct. 629, 42 L.Ed.2d 647 (1974); *United States v. Denmon,* 483 F.2d 1093, 1095 (8th Cir. 1973).

■ Under Rule 7(c) and *Hamling,* the indictment in the instant case is plainly sufficient. The indictment sets forth the four elements necessary for a violation of § 242 (color of law, willfulness, inhabitancy of the victims, and deprivation of a right secured or protected by the Constitution or laws of the United States); specifies the federal right allegedly violated ("not to be deprived of liberty without due process of law"); notes the statute the defendants are charged with violating; identifies the defendants by name and office; identifies the victim; describes the specific acts constituting the offense ("did willfully strike, beat and assault"); and alleges the date and place of those acts.

■ This indictment is materially identical to the indictments in *United States v. Stokes,* 506 F.2d 771 (5th Cir. 1975), and *United States v. Georvassilis,* 498 F.2d 883 (6th Cir. 1974), in which courts affirmed convictions under § 242. If the defendants in this case desire more specific information than that provided in the indictment, they may move for a bill of particulars. *See United States v. Debrow,* 346 U.S. 374, 378, 74 S.Ct. 113, 98 L.Ed. 92 (1953); *Tasby v. United States,* 504 F.2d 332, 335 (8th Cir. 1974), *cert. denied,* 419 U.S. 1125, 95 S.Ct. 811, 42 L.Ed.2d 826 (1975).

We reverse and remand for further proceedings consistent with this opinion.