UNITED STATES of America

v.

**Maryland NANCE, Jr., Appellant.**

UNITED STATES of America

v.

**Virgil GINYARD, Appellant.**

**Nos. 75–1755, 75–1865.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 23, 1976.

Decided March 18, 1976.

Rehearing Denied May 5, 1976.

Jeffrey Lee Greenspan, Washington, D. C. (appointed by this court), for appellant in No. 75–1755.

Daniel J. Slattery, Jr., Washington, D. C., for appellant in No. 75–1865.

D. Michael Stroud, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease and Garey G. Stark, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before MacKINNON and WILKEY, Circuit Judges, and MERHIGE,[*] United States District Judge for the Eastern District of Virginia.

PER CURIAM:

Guilty verdicts were returned on eleven counts of the instant indictment. Count 1 charges a scheme to defraud by wire[1] and the remaining ten counts charge appellants with obtaining something of value by false pretenses with intent to defraud in violation of D.C.Code § 22–1301(a) (1973).[2]

Count 1, the federal wire fraud count is a proper charge in every particular, in that it completely charges the factual basis for the alleged crime. However, none of the remaining counts allege any of the factual particulars of the false representations which defrauded the victim. The name of the victim, the date of the false representation, the amount involved and the date the sum was paid are all alleged, but as for the false representations which induced the victims to part with their money, which are the very core of the offense, counts 4–11 of the indictment are content with alleging that the defendants "made and caused to be made the *following representations*[3] to the following customers, knowing said representations[4] were untrue . . ." and then fails to set forth any of the "representations" that allegedly "were untrue." (Emphasis added.)[5] Counts 2 and 3 like-

---

[*] Sitting by designation pursuant to 28 U.S.C. § 292(d).

[1] 18 U.S.C. § 1343 (1970).

[2] D.C.Code § 22–1301(a) provides:
(a) Whoever, by any false pretense, with intent to defraud, obtains from any person any service or anything of value . . . shall, if the value of the property or the sum or value of the money, property, or service so obtained, procured . . . or disposed of is $100 or upward, be imprisoned not less than one year nor more than three years . . . . .

[3] No "following representations" were alleged.

[4] *Id.*

[5] The full text of counts 4 through 11 reads as follows:

On or about the dates hereinafter specified for each count, VIRGIL GINYARD and MARYLAND NANCE, JR., defendants herein, with intent to defraud, made and caused to be made the following false representations to the following customers, knowing said representations were untrue, but the customers, believing them to be true and relying thereon, on or about the dates hereinafter specified for each count, within the District of Columbia, delivered and caused to be delivered to the defendants something of value, that is, money of a value in excess of $100.

| Count | Customer | Date of False Representations | Amount | Date Paid |
|---|---|---|---|---|
| IV | Emma Evans | September 13, 1973 | $1300.00 | Between 9/13/73 and 10/6/73 |
| V | Adella McIver | January 19, 1974 | 215.00 | Between 1/19/74 and 2/8/74 |
| VI | Janice Johnson | February 4, 1974 | 175.00 | Between 2/4/74 and 2/9/74 |
| VII | James R. Chaney | February 16, 1974 | 940.00 | Between 2/16/74 and 2/23/74 |
| VIII | Howard Hill | March 12, 1974 | 365.00 | Between 3/12/74 and 3/23/74 |

wise fail to specify the false representations.

The Government contends that the indictment is in the words of the statute and that the particulars could have been obtained through a timely bill of particulars. *See* Fed.R.Crim.P. 7(f). Of course they could, but absent any allegation whatsoever in the indictment as to what the false pretenses were, the United States Attorney would have a free hand to insert the vital part of the indictment without reference to the grand jury. The law does not vest him with such authority. Since the indictment as returned by the grand jury fails to charge an offense under the false pretense statute, such counts should have been dismissed when the objection was timely raised at trial. Fed.R.Crim.P. 12(b)(2). A bill of particulars will not cure a fatally defective indictment. *Russell v. United States,* 369 U.S. 749, 770–71, 82 S.Ct. 1038, 1050–51, 8 L.Ed.2d 240, 254–55 (1962).

Ordinarily, it is proper for an indictment to be drawn in the language of the statute, *United States v. Thomas,* 144 U.S. App.D.C. 44, 444 F.2d 919 (1971), but following the generic wording of a statute is not necessarily sufficient. *United States v. Staiti,* 397 F.Supp. 264 (D.Mass.1975). The United States Supreme Court has stated:

Where guilt depends so crucially upon . . . a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute.

"It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,—*it must descend to particulars.'*" [Emphasis added.] *United States v. Cruikshank,* 92 U.S. 542, 558, 23 L.Ed. 588. An indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation against him * * * is defective, although it may follow the language of the statute." *United States v. Simmons,* 96 U.S. 360, 362, 24 L.Ed. 819. "In an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished; * * *" *United States v. Carll,* 105 U.S. 611, 612, 26 L.Ed. 1135. "Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *United States v. Hess,* 124 U.S. 483, 487, 8 S.Ct. 571, 573, 31 L.Ed. 516. See also *Pettibone v. United States,* 148 U.S. 197, 202–204, 13 S.Ct. 542, 545, 37 L.Ed. 419; *Blitz v. United States,* 153 U.S. 308, 315, 14 S.Ct. 924, 927, 38 L.Ed. 725; *Keck v. United States,* 172 U.S. 434, 437, 19 S.Ct. 254, 255, 43 L.Ed. 505; *Morissette v. United States,* 342 U.S. 246, 270, n. 30, 72 S.Ct. 240, 253, 96 L.Ed. 288. Cf. *United States v. Petrillo,* 332 U.S. 1, 10–11, 67 S.Ct. 1538, 1543, 91 L.Ed. 1877. That these basic principles of fundamental fairness retain their full vitality under modern concepts of pleading, and specifi-

| Count | Customer | Date of False Representations | Amount | Date Paid |
|-------|----------|-------------------------------|--------|-----------|
| IX | Joan Young | March 23, 1974 | $220.00 | Between 3/23/74 and 8/30/74 |
| X | Cynthia Hopkins | April 25, 1974 | 350.00 | 4/25/74 |
| XI | Jessie M. Thompson | August 16, 1974 | 200.00 | 8/16/74 |

(Violation: 22 D.C.Code § 1301)

cally under Rule 7(c) of the Federal Rules of Criminal Procedure, is illustrated by many recent federal decisions.

*Russell v. United States, supra* 369 U.S. at 764–66, 82 S.Ct. at 1047–48, 8 L.Ed.2d at 251–52 (footnotes omitted). For example, in *United States v. Curtis,* 506 F.2d 985 (10th Cir. 1974), it was held that pleading the statutory language in a mail fraud case without "any fair indication of the scheme or artifice relied upon, or the false pretenses . . . forming a part of it" was insufficient. 506 F.2d at 992. *See also United States v. Thomas, supra* (indictment following the words of the District burglary statute but failing to identify with particularity the offense defendant allegedly intended to commit when he entered the dwelling is insufficient); *United States v. Staiti, supra* (indictment following the language of the federal statute prohibiting the interstate transport of stolen goods but failing to identify the particular goods transported is insufficient).[6]

It would have been relatively simple for the Government to incorporate the applicable false pretense allegations of count 1 by reference in the remaining counts. Failing this, the judgments of conviction on the ten false pretense counts charged under D.C.Code § 22–1301(a) are vacated and set aside and the case is remanded for resentencing on count 1, the wire fraud conviction. By remanding for resentencing we do not mean to imply any dissatisfaction with the sentences adjudged, but do so merely to foreclose the necessity for any further proceedings.

*Judgment accordingly.*

---

**6.** *Contra, Flying Eagle Publications, Inc. v. United States,* 273 F.2d 799 (1st Cir. 1960) (indictment for distribution of obscene material which failed to specify which of the 2 novelettes, 10 short stories, and 19 anecdotes in the particular magazine were considered obscene was sufficient, since the magazine was only 64 pages in length); *United States v. Borland,* 309 F.Supp. 280 (D.Del.1970) (indictment charging labor union official with knowingly transporting forged bank checks in interstate commerce was not insufficient because of failure to identify the checks alleged to have been forged by date, payor, payee, drawer, or drawee); *United States v. Guterma,* 189 F.Supp. 265 (S.D.N.Y. 1960) (indictment alleging conspiracy to violate securities laws by filing corporate annual report which omitted certain required information was not insufficient for failure to specify the omitted information).

A few cases have indicated that it is necessary for the defendant to prove prejudice from the omissions in the indictment. For instance, in *United States v. Murray,* 335 F.Supp. 792 (D.Minn.1970), *aff'd,* 452 F.2d 503 (8th Cir. 1971), *cert. denied,* 405 U.S. 935, 92 S.Ct. 980, 30 L.Ed.2d 811 (1972), Judge Neville observed that the defendant had actual notice of what he would be required to meet at trial, and said "Technical objections to an indictment will not be countenanced where there has been no prejudice in fact." *Id.* at 796. In *Flying Eagle Publications, supra,* the court observed that even though the allegedly obscene material had not been identified, the magazine was only 64 pages in length, and "it does not seem to us that too heavy a burden was placed on the appellants by putting them on notice to meet the charge that any one or more or even all of the stories, pictures or anecdotes contained matter declared to be nonmailable." 273 F.2d at 802.