UNITED STATES of America, Plaintiff,

v.

Deborah DeROSA, Defendant.

Cr. No. 77–171–C.

United States District Court,
D. Massachusetts.

Oct. 14, 1977.

Robert B. Collings, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Andrew H. Good, Boston, Mass., for defendant DeRosa.

Henry F. Owens, III, Boston, Mass., for defendant Crump.

MEMORANDUM

CAFFREY, Chief Judge.

This matter came before the Court on defendant's motions to dismiss Count 3 of a perjury indictment and to suppress testimony she gave before a United States grand jury.

1. *Motion to Dismiss*

Defendant challenges the sufficiency of the indictment by variously claiming that: (1) none of the allegedly false statements was a statement of a material fact; (2) the allegations that each and every statement concerned a material matter is a pure conclusion negated by the face of the indictment; (3) defendant's statements were wholly conjecture and there is no allegation that defendant had knowledge of the facts set forth in the statements; (4) the assignment of perjury is so vague, indefinite and uncertain that the statements could not constitute an offense even if made by defendant; and (5) the statements of defendant are, at best, unresponsive and vague and cannot support the perjury count as a matter of law. The government simply counters that the indictment charges a perjury offense adequately and with sufficient clarity.

■ Contrary to defendant's first assertion, I rule that her answers concerning her most recent contacts with the two suspected bank-robbers were material since, if believed, they would indicate that DeRosa's last contact was more than three weeks before the robbery occurred, a fact relevant to the issue of her participation in the planning or execution of the crime. This ruling also disposes of defendant's second claim, since the materiality of these grand jury

statements is neither a bare conclusion nor a matter negated by the indictment itself. Defendant's third defense is frivolous in light of both her failure to declare her purported lack of knowledge to the grand jury and the allegation of knowledge in paragraph E of Count 3.

■■ As to the last two defenses, it is clear that to sufficiently charge an offense, an indictment only need contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). Count 3 of the indictment satisfactorily recites the statutory elements of the offense by alleging that the defendant, in testimony before a grand jury and while under oath, knowingly made a false declaration concerning a material matter. 18 U.S.C.A. § 1623(a). The indictment also cites the statute allegedly violated. Though unnecessary, the further allegations concerning the defendant's wilfulness and belief enhance rather than detract from the sufficiency of the indictment. See 8 J. Moore, Moore's Federal Practice ¶ 7.04, at 7–16 n. 8 (1977). Count 3 also satisfies the strict requirements of Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), for perjury indictments, namely, that the indictment must set forth not only the time, place and precise questions involved with the false testimony, but also the subject under inquiry by the investigating body. Id. at 764–66, 771, 82 S.Ct. 1038. Here Count 3 identifies the bank robbed, the date of the robbery, the suspected participants, the name of the defendant, the date and place of her grand jury appearance, and the prosecutor's questions and her answers. By setting forth these particular, underlying facts, in addition to the language of the statute, Count 3 adequately apprised defendant of the offense she must be prepared to meet and adequately protected her from any threat of double jeopardy. See id. at 763–66, 82 S.Ct. 1038. Compare United States v. Fleming, 526 F.2d 191, 192 (8th Cir. 1975), petition for cert. dismissed, 423 U.S. 1082, 96 S.Ct. 872, 47 L.Ed.2d 93 (1976), with United States v. Nance, 174 U.S.App. D.C. 472, 473–75, 533 F.2d 699, 700–02

(1976) (per curiam). Accordingly, I reject defendant's characterizations of the perjury charge as "vague, indefinite and uncertain" and of her answers as "unresponsive and vague."

Therefore, defendant's motion to dismiss the indictment is denied.

### 2. Motion to Suppress

Defendant also seeks to suppress the following grand jury testimony concerning two suspected participants in the armed robbery of a federally-insured bank:

Q. When was the last time you saw Mr. Powell, do you have any recollection of that?

A. It was about early December I would say, they went to Court about December 11th or so.

\* \* \* \* \* \*

Q. When was the last time you saw David?

A. The last time I saw David was about a month or so ago.

Defendant argues first that the government, as required by Miranda v. Arizona, 384 U.S. 436, 467–73, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), did not fulfill its duty of advising her of her rights against self-incrimination and to counsel. Alternatively, defendant contends that Miranda warnings were compulsory because the government, as a result of a prior FBI interview, had focused upon her as a virtual or putative defendant at the time of her grand jury appearance. Both arguments are without merit in light of United States v. Mandujano, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976).

■ Defendant also claims that she had a right to be warned by the federal prosecutor that false testimony before the grand jury could result in a subsequent indictment and prosecution for perjury. Mandujano makes it clear that once the truthtelling oath is administered, and this defendant was first duly sworn, a further warning of a potential perjury prosecution for false testimony is a redundant exercise. Id. at

581, 96 S.Ct. 1768, *quoting United States v. Winter*, 348 F.2d 204, 210 (2d Cir. 1965). Therefore, DeRosa can assert no right to a warning concerning the probable consequences of perjury or support her suppression motion by pointing to the absence of such an admonition.

Defendant further contends that evidence in the government's possession forced her to make a Hobson's choice in the grand jury between self-incrimination or perjury. But this argument ignores the fact that defendant always retained the right to properly invoke her constitutional privilege against self-incrimination whenever the prosecutor sought to compel an answer to an incriminating question. *United States v. Mandujano, supra*, at 572–74, 96 S.Ct. 1768, *Counselman v. Hitchcock*, 142 U.S. 547, 562–63, 12 S.Ct. 195, 35 L.Ed. 1110 (1892). Absent a proper claim of the privilege, defendant had an absolute duty to testify truthfully, for "[i]n this constitutional process of securing a witness' testimony, perjury simply has no place whatever." *Id.* at 575, 576, 96 S.Ct. at 1776; *see United States v. Wong*, 431 U.S. 174, 178, 97 S.Ct. 1823, 52 L.Ed.2d 231 (1977).

Defendant also argues that her Fifth and Sixth Amendment rights were violated when the government failed to warn her either that her responses to the grand jury might implicate her in the robbery or that she had a right to have or be provided with counsel. In *United States v. Wong, supra*, the Supreme Court unanimously rejected defendant's self-incrimination claim by squarely holding that the failure to provide an effective Fifth Amendment warning to a grant jury witness, in addition to an oath to tell the truth, does not allow a defendant to suppress false testimony in a subsequent perjury prosecution. *Id.* at 177, 97 S.Ct. 1823. Defendant's Sixth Amendment claim presumes that the right to counsel attaches at the grand jury stage. Yet defendant cites no case holding that an appearance before a grand jury is a critical stage of the criminal proceeding requiring counsel. Since the questioning of DeRosa as a grand jury witness preceded the return of an indictment against her, adversary judicial criminal proceedings had not been initiated and her claim to Sixth Amendment assistance of counsel was premature.

Therefore, defendant's motion to suppress her grand jury testimony is denied.