UNITED STATES of America, Appellee,

v.

John Quinton HUTCHISON, Appellant.

No. 9856.

United States Court of Appeals Fourth Circuit.

Argued June 28, 1965.

Decided Oct. 25, 1965.

Joseph P. Johnson, Jr., Abingdon, Va. (Court-assigned counsel), for appellant.

Thomas B. Mason, U. S. Atty., for appellee.

Before SOBELOFF, BRYAN and J. SPENCER BELL, Circuit Judges.

SOBELOFF, Circuit Judge:

This appeal is from a conviction resting on a jury verdict in the United States District Court for the Western District of Virginia. The indictment was in a single count and charged the defendant with transporting and causing to be transported a falsely made security in interstate commerce in violation of 18 U.S.C.A. § 2314.

The prosecution proved that the defendant secured a check from his victim by fraudulently representing himself to be an agent of a bonding company sent to settle her claim arising out of an earlier transaction in which she had been defrauded. The testimony showed that the defendant exhibited to his victim a purported draft of a bonding company for an amount larger than her claim. He told her that the draft covered both her claim and that of a third person, and asked her for a check for the difference between the face amount of the draft and the amount of her claim. She complied by giving the defendant her check for $844.68. The draft the defendant gave her in exchange was spurious and when deposited by her was returned with the notation "No Account with us."

■ Before us the defendant chiefly stressed as reversible error the alleged prejudice to him from the admission of evidence concerning the prior transaction. Ordinarily, in the trial of a criminal charge testimony as to other offenses may not be received, but in this trial it was relevant to explain the acts charged against the defendant by showing their context. Although the defendant was not shown to have participated in the earlier swindle the trial judge was justified in allowing testimony as to those events, for they were the reason asserted by the defendant for approaching his victim in the present instance. Without this background the acts under consideration here would not have been comprehensible. By his false representations to the prosecutrix the defendant himself made relevant the challenged evidence.

■■ During the hearing of the appeal, at the instance of the defendant, counsel presented the additional argument that the trial judge erred in refusing to grant a requested continuance to allow the defendant an opportunity to locate three witnesses who allegedly would substantiate his alibi. Granting a continuance is a matter normally addressed to the sound discretion of the trial judge and a reasonable latitude should be allowed. Dennis v. United States, 302 F.2d 5, 7 (10th Cir. 1962). Where, as in this instance, it in no way appears that the District Judge has abused his discretion, there is no ground for reversal. Especially are we led to

this conclusion here, since it appears as to two of the witnesses that it has proved impossible to locate them since the trial; and the third witness, who was found, was either unable or unwilling to support the defendant's proposed alibi. There is therefore no basis for thinking that in the circumstances denial of a continuance has in any way deprived the defendant of testimony useful to him.

The judgment is therefore

Affirmed.