**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LESLIE C. HOROWITZ, personal
representative of the estate of
Milton W. Horowitz,
<u>Petitioner-Appellant,</u>

No. 95-3020

v.

COMMISSIONER OF INTERNAL REVENUE,
<u>Respondent-Appellee.</u>

Appeal from the United States Tax Court.
(Tax Ct. No. 93-18332)

Argued: December 5, 1996

Decided: March 26, 1998

Before NIEMEYER, Circuit Judge, HALL, Senior Circuit Judge,
and DAVIS, United States District Judge for the
District of Maryland, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Charles Masselli, MASSELLI & LANE, P.C.,
Arlington, Virginia, for Appellant. Marion Elizabeth Erickson, Tax
Division, UNITED STATES DEPARTMENT OF JUSTICE, Wash-
ington, D.C., for Appellee. **ON BRIEF:** Loretta C. Argrett, Assistant
Attorney General, Gary R. Allen, Bruce R. Ellisen, Tax Division,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This is an appeal from an order of the United States Tax Court. The
Appellant, Leslie C. Horowitz, the personal representative of the
estate of Milton W. Horowitz, has been substituted for her decedent,
who died during the briefing of the appeal.[1] The taxpayer, a retiree
(hereinafter "Mr. Horowitz"), failed to file federal income tax returns
for tax years 1988, 1989, 1990 and 1991. After the Commissioner of
Internal Revenue issued a statutory notice of deficiency for those
years, Mr. Horowitz filed in August 1993 a timely pro se petition for
redetermination of income tax deficiencies in the Tax Court, which
had jurisdiction under 26 U.S.C. §§ 6213, 6214 and 7442. Inexplica-
bly, Mr. Horowitz, notwithstanding his indisputable financial ability
to do so, and despite several health-related physical limitations, never
retained counsel in connection with the Tax Court proceedings. Mr.
Horowitz failed to persuade the Tax Court that the Commissioner's
determinations were incorrect, and Appellant now prosecutes this
appeal.[2] We affirm.

I.

As mentioned above, Mr. Horowitz filed the case in August 1993.
In January 1994, the Tax Court docketed the case for trial on June 20,
1994, and issued its "Standing Pre-Trial Order." Therein, the parties
were admonished:

> Continuances will be granted only in exceptional
> circumstances. See Rule 134, Tax Court Rules of Practice

_____

**1** See Fed. R. App. P. 43(a).
**2** Mr. Horowitz had the burden of proof before the Tax Court. Welch
v. Helvering, 290 U.S. 111, 115 (1933); Faulconer v. Commissioner, 748
F.2d 890, 893 (4th Cir. 1984).

2

and Procedure. Even joint motions for continuance will not routinely be granted.**3**

On June 16, 1994, a mere four days before the scheduled trial date, Mr. Horowitz filed a motion for a six month continuance because of alleged health problems, i.e., degraded vision from diabetes and the lingering effects of surgery on his knee (which had been completed many months previously), and because his tax preparer was shortly expecting a child, and might not be able to assist him prepare for trial. The Tax Court denied the request for a continuance on the same day it was filed by marginal order upon Mr. Horowitz's hand-drawn request.

Thus, trial commenced on June 21, 1994, having been carried over from June 20, 1994. At the outset, the parties entered into a stipulation of facts, which included an agreement as to Mr. Horowitz's basis in certain securities that he had sold in 1989, 1990 and 1991.**4** The

_____

**3** Rule 134 provides as follows, in relevant part:

> A case or matter scheduled on a calendar may be continued by the Court upon motion or at its own initiative. A motion for continuance shall inform the Court of the position of the other parties with respect thereto, either by endorsement thereon by the other parties or by a representation of the moving party . . . . Continuances will be granted only in exceptional circumstances. Conflicting engagements of counsel or employment of new counsel ordinarily will not be regarded as ground for continuance. A motion for continuance, filed 30 days or less prior to the date to which it is directed, may be set for hearing on that date, but ordinarily will be deemed dilatory and will be denied unless the ground therefor arose during that period or there was good reason for not making the motion sooner . . . .

Rule 134, Rules of the United States Tax Court, 26 U.S.C.A. foll. § 7453 (West 1997) (emphasis added).

**4** On April 4, 1994, the Commissioner had served Mr. Horowitz with his request for admissions, to which Mr. Horowitz never responded. Accordingly, he was deemed to have admitted receiving the amounts of income indicated by the Commissioner for the years in question, and to have paid no taxes on that income. Nevertheless, as a result of the evidentiary proceedings before the Tax Court, his income was reduced below that which would have been justified on the admissions alone.

parties also stipulated that Mr. Horowitz was entitled to certain itemized deductions for mortgage interest and real estate taxes, and that he was entitled to certain prepayment credits for 1991.

After a recess, taken to afford Mr. Horowitz an opportunity to review and marshal his documents, and as trial continued, the court allowed Mr. Horowitz to testify as to other deductions to which he believed himself entitled. He was unable to give specific information for any of these claimed deductions, however, stating variously that his supporting documentation was "readily available at home" or that he had given "the figures to his tax preparer" or that he simply "did not have the figures here." He did admit, however, that his medical insurance plan had reimbursed him for "a very large part" of his medical expenses during the years in issue. He also admitted that he had received pension, dividend and interest income in all the years under review.

The Tax Court issued its opinion and order in May 1995. The court found that Mr. Horowitz had failed to prove his entitlement to any deductions in excess of those that had been conceded or stipulated at trial. The court also sustained the Commissioner's imposition of additions to tax under I.R.C. § 6651 for failure to file returns. The court held that Mr. Horowitz's health problems did not constitute "reasonable cause" for failure to file under the statute. Upon the Tax Court's denial of Mr. Horowitz's motion for reconsideration, he noted an appeal to this Court.

II.

On appeal, Appellant mounts no challenge whatsoever to the substantive rulings or findings of the Tax Court. Rather, Appellant asks us to find reversible error in the lower court's refusal to grant a continuance to Mr. Horowitz, or (in what amounts to the same thing) to hold open the evidentiary record post-trial.[5] We find no such error.

_____

[5] Appellant also argues that because Mr. Horowitz was "consistently badgered, hectored and berated" during the Tax Court evidentiary hearing, he was denied a fundamentally fair trial. We have carefully examined the trial transcript and we find that this claim of unfair treatment is

4

The standard of review of a trial judge's actions in denying continuances is abuse of discretion. What we said in the context of continuances in criminal cases is fully applicable in the present case:

> The Supreme Court has defined "abuse of discretion" in the context of a denial of a motion for continuance as "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for a delay."[Morris v.] Slappy, 461 U.S. at 11-12, 103 S.Ct. at 1616-17. The Supreme Court has also indicated that the test for whether a trial judge has "abused his discretion" in denying a continuance is not mechanical; it depends mainly on the reasons presented to the district judge at the time the request is denied. Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964).

The Supreme Court has opined that a broad and deferential standard is to be afforded to district courts in granting or denying continuances: the burdensome task of assembling a trial counsels against continuances, and, therefore, the trial courts must be granted broad discretion. Slappy, 461 U.S. at 11. Furthermore, the district court alone has the opportunity to assess the candidness of the movant's request. Ungar, 376 U.S. at 591; see also United States v. Hutchison, 352 F.2d 404, 405 (4th Cir. 1965) (granting continuance within sound discretion of trial judge; reasonable latitude must be allowed). United States v. LaRouche, 896 F.2d 815, 823-24 (4th Cir.) (emphasis added), cert. denied, 496 U.S. 927 (1990).

Applying this standard in the case at bar, it is clear to us that the Tax Court was wholly justified in denying Mr. Horowitz's requests

_____

wide of the mark by a substantial margin. To the contrary, the transcript shows that the trial court extended every courtesy to Mr. Horowitz, repeated her statements and questions numerous times (and finally had the clerk sit next to Mr. Horowitz and repeat into his ear the court's statements) in deference to his demonstrated inability to hear and/or understand, and generally sought to bring to the proceedings a structure and coherence which less care would not have achieved. In our view, commendation, not censure, is the only appropriate response to the trial judge's sensitive handling of the proceedings.

5

for a continuance. Mr. Horowitz had ten months from the time he filed his petition in the Tax Court to the trial date to prepare his case, yet, not until just a few weeks before trial did he hire a commercial tax preparation firm (H & R Block) to assist him. For reasons not shown in the record, the particular individual assigned to or selected by Mr. Horowitz was in the late stages of her pregnancy, and thus her availability to work closely with Mr. Horowitz in preparing for trial was uncertain at best, even when the engagement was effected. Thus, the record shows that there was a manifest lack of diligence in Mr. Horowitz's leisurely trial preparation during the ten months the case was pending on the docket.

Furthermore, the additional reason Mr. Horowitz provided as justifying his belated request for a continuance -- his alleged health problems -- had little relevance to the tasks of trial preparation and document-assembling necessary to go forward on the assigned trial date. Tellingly, as the trial judge noted, Mr. Horowitz's health problems did not hinder his ability to manage his real estate holdings, or to make careful investment decisions.[6] Indeed, at trial, when he reiterated his request for a continuance, Mr. Horowitz did not rely initially upon any alleged health problem but, instead, asserted that he needed more time to hire an attorney. This borders upon the frivolous, considering that the record discloses that Mr. Horowitz had no difficulty hiring investment advisors and real estate agents when and as the need arose for help in managing his holdings (including three or four rental properties), and considering that, as the record shows, he had total gross income during the four tax years in dispute in excess of $175,000. See J.A. at 82-87, 100-02, 187.

III.

A busy adjudicatory tribunal is not required to permit litigants to set the timing and pace of proceedings unilaterally to fit their individual preferences. Mr. Horowitz essentially sought an open-ended schedule for the Tax Court proceedings which he had instituted, and

_____

[6] See J.A. at 90-91, 193. Mr. Horowitz also admitted at trial that a week before the proceedings under review here, he was involved in state court litigation against one of his tenants in which he was represented by counsel. Id. at 68.

6

he sought it at the eleventh hour, at that. We discern no abuse of discretion in the Tax Court's rejection of that endeavor; we conclude that the lower court's interpretation and application of its own Rule 134 relating to continuances fell well within a proper exercise of its broad discretion. Accordingly, the order of the United States Tax Court is

AFFIRMED.

7